IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HOWARD TRENT TYSON, SR.
    Plaintiff

v.                                          Civil No. **PJM 12-3654**

**WELLS FARGO HOME MORTGAGE,
INC.**
    Defendant.

## MEMORANDUM OPINION

*Pro se* Plaintiff Howard Trent Tyson, Sr. has sued Wells Fargo Home Mortgage, Inc. ("Wells Fargo") for "Violations of Federal and State Consumer Protection Laws" concerning an apparent "prepayment plan" which his wife (bot not he) agreed to, made one payment on, then withdrew.

The action was removed from the Circuit Court for Prince George's County. Wells Fargo has filed a Motion to Dismiss. Tyson opposes the Motion in various filings, including an Opposition and a separately filed "Request to Deny Defendant's Motion."

Wells Fargo's Motion is **GRANTED** for the reasons that follow.

* * *

A motion to dismiss for failure to state a claim tests the sufficiency of a complaint, but does not resolve factual contests, the merits of a claim, or the applicability of defenses. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering such a motion, the district court accepts the well-pleaded allegations in the complaint, and draws any

reasonable factual inferences in favor of the plaintiff. *See Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002). The court should only grant a motion to dismiss if the plaintiff cannot provide enough factual support to establish a facially plausible claim or create a reasonable inference of defendant's culpability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* Plaintiffs, such as Tyson, are held to a less stringent standard than a plaintiff with a lawyer. However, no plaintiff is exempt from the requirement that a complaint contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of [a] cause of action." *Twombly*, 550 U.S. at 555; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

\* \* \*

Here, not even a cause of action—let alone any elements of a cause of action—can be discerned from the Complaint. No necessary clarification has been added by the so-called "Amendment" that Tyson filed with his "Request to Deny Defendant's Motion to Dismiss." From what can be gleaned from the pleadings, it seems that Wells Fargo held the mortgage on Tyson's property (which is not further identified in the Complaint, nor is Tyson's status as owner; a filing with the Amendment lists the property's address as being in Bowie, MD). Wells Fargo at some point offered a forebearance plan to Tyson and his wife. Tyson's wife signed up for it; Tyson did not. But what happened as a result of that is utterly unclear.

What duty did Wells Fargo breach? What specific law did it violate? And in what way, if any, was Tyson injured? He does not say. As indicated, the Complaint and Amendment simply state generally that Wells Fargo violated "Federal and State Consumer Protection Laws." As a matter of law, this is insufficient.

The Court is not supposed to plumb Tyson's case to come up with a cognizable cause of action. The simple fact is that none appears here—certainly none has been appropriately

identified according to the rules of pleading that could give fair and proper notice to Wells Fargo. Perhaps Tyson has some kind of claim—though that seems highly improbable—but on these papers the claim is nowhere in sight.

\* \* \*

Wells Fargo's Motion to Dismiss is **GRANTED** without prejudice.[1]

A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

April 22, 2013

---

[1] The Court strongly suggests that Tyson consult an attorney before undertaking to re-file his suit.

3